1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10

MARY K. McMILLAN,

11              Plaintiff,

12       v.

13   ABBOTT LABORATORIES INC., DBA
     ABBOTT SALES MARKETING &
14   DISTRIBUTION CO., and ABBOTT
     DIABETES CARE SALES CORPORATION,
15
16              Defendant.
17

No.   2:10-cv-1708

**NOTICE OF REMOVAL OF ACTION**

18
19   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20        Please take note that Defendants Abbott Laboratories Inc., dba Abbott Sales

21   Marketing & Distribution Co. ("Abbott") and Abbott Diabetes Care Inc. ("Abbott Diabetes

22   Care", collectively "Defendants"), by and through their undersigned counsel, pursuant to the

23   provisions of 28 U.S.C. §§ 1331, 1332, 1441 and 1446, this day remove this action from the

24   Superior Court of the State of Washington, County of King, to this Court.  In support of

25   removal, Defendants submit this notice and state as follows:

26
27
28

*Notice of Removal of Action  - 1*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

This action is properly removable to this Court under 28 U.S.C. § 1441.  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the requirements for diversity of citizenship and the jurisdictional amount in controversy are satisfied.

On September 28, 2010, Plaintiff Mary K. McMillan ("Plaintiff") commenced an action in the Superior Court of the State of Washington, County of King, Case Number 10-2-34027-1 SEA.  A true and correct copy of the Summons and Complaint filed in that state court action, as well as the docket sheet and all process, pleadings, and orders served upon Abbott in such action, are attached hereto and incorporated by reference herein as EXHIBIT A.

On September 30, 2010, Plaintiff caused a copy of the Summons and Complaint to be served on Abbott.

Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal is timely filed if it is filed within 30 days of receipt of formal service of the complaint.  *See Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that 30-day time period under removal statute begins to run from the date of formal service).  Abbott's filing is within the 30 days of formal service of the Complaint, and is thus timely filed pursuant to 28 U.S.C. § 1446(b).

Removal of this action to the United States District Court for the Western District of Washington is proper pursuant to 28 U.S.C. § 1441(a) because this District encompasses the Superior Court of the State of Washington, County of King, the forum in which this action is pending.

*Notice of Removal of Action  - 2*

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), and is one which may be removed to this Court by Abbott pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Plaintiff, an individual, is a resident of Seattle, Washington. (Complaint, ¶ 1.1). Accordingly, Plaintiff is a citizen of Washington.

Plaintiff alleges that she was employed by Abbott Diabetes Care (incorrectly identified as "Abbott Diabetes Laboratories"). (Complaint, ¶ 1.1). Plaintiff concedes that Abbott is a corporation merely authorized to do business in Washington. (Complaint, ¶ 1.2). In fact, Abbott is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Abbott Park, Illinois. Abbott Diabetes Care is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Alameda, California. *See* Affidavit of Jada Malone at ¶ 4, attached hereto as EXHIBIT B. Accordingly, Abbott is a citizen of Delaware and Illinois, while Abbott Diabetes Care is a citizen of Delaware and California. 28 U.S.C. § 1332(c)(1); *see Munoz v. Small Business Administration*, 644 F.2d 1361, 1365 (9th Cir. 1981) (For purpose of diversity jurisdiction, "a corporation is deemed to be the citizen of the state of incorporation and the state of its principal place of business"). Thus, there is complete diversity between the parties in this case. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

Further, neither Abbott nor Abbott Diabetes Care are citizens of Washington, making removal proper pursuant to 28 U.S.C. § 1441(b).

*Notice of Removal of Action - 3*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

2

The matter in controversy, as alleged in the Complaint, exceeds the sum or value of

$75,000 exclusive of interest and costs, as set forth below.

3

4

Plaintiff alleges that Abbott Diabetes Care terminated her while she was on an alleged

5

disability leave due to age discrimination and harassment, in violation of the Washington Law

6

Against Discrimination ("WLAD"), RCW 49.60.  (Complaint, ¶ 2.11, 2.12)

7

Plaintiff seeks an award for "actual, compensatory and liquidated damages" and for

8

"attorneys' fees and costs."  (Complaint, ¶ 5).

9

10

An employee with a successful discrimination claim under WLAD may recover front

11

and back pay as part of [actual] damages. *Martini v. Boeing Co.*, 137 Wash.2d 357, 364

12

(Wash. 1999).  At the time of her termination, Plaintiff was earning $85,907.07, plus bonuses.

13

(Malone Affidavit at ¶ 5).  In Plaintiff's last full year of employment with Abbott Diabetes

14

Care, she earned $96,691.46 in total compensation.  *Id.*  Plaintiff has not been on Abbott's

15

16

payroll since April 30, 2009.  (*Id.*; Complaint, ¶ 2.12).  Accordingly, Plaintiff's back pay alone

17

exceeds the jurisdictional limit.  As such, the allegations of the Complaint make it clear that

18

the jurisdictional amount provided for in 28 U.S.C. § 1332 is met.

19

20

Plaintiff also seeks an award of attorneys' fees which, if authorized by statute, are to

21

be included in calculating the amount in controversy. *Kroske v. U.S. Bank Corp.*,

22

432 F.3d 976, 980 (9th Cir. 2005).  The WLAD permits an award of attorney's fees.

23

RCW 49.60.030(2).

24

25

While Abbott denies that Plaintiff's claims have any merit, in measuring the amount in

26

controversy, a court must assume that the allegations of the complaint are true and assume

27

that a jury will return a verdict for the plaintiff on all claims made in the complaint.

28

*Notice of Removal of Action  - 4*

It is, therefore, beyond question—given Plaintiff's claims for actual, compensatory, liquidated damages and attorneys' fees—that the amount in controversy in this case exceeds $75,000.  This Court, therefore, has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332(a)(1).

Pursuant to 28 U.S.C. § 1446(a), Abbott has attached hereto true and correct copies of all process, pleadings, and orders served upon it as of the date of this Notice of Removal of Action.  *See* EXHIBIT A.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal of Action will be filed with the Clerk of the Superior Court of the State of Washington, County of King, and served upon Plaintiff.

WHEREFORE, further proceedings in the above-captioned action in the Superior Court of the State of Washington, County of King, should be discontinued, and this action should be removed to the United States District Court for the Western District of Washington.

DATED this 22nd day of October, 2010.

HILLIS CLARK MARTIN & PETERSON, P.S.

By   s/ Michael R. Scott
    Michael R. Scott, WSBA #12822
    Sarah E. Moum, WSBA #42086
    Hillis Clark Martin & Peterson P.S.
    1221 Second Avenue, Suite 500
    Seattle WA 98101-2925
    Telephone:  (206) 623-1745
    Facsimile:  (206) 623-7789
    Email:  mrs@hcmp.com;
    sem@hcmp.com

OF COUNSEL
Application to Appear *pro hac vice* Pending
GOLDBERG KOHN LTD.
    David E. Morrison
    Kristen A. Jones
    Goldberg Kohn Ltd.
    55 East Monroe, Suite 3300
    Chicago, IL  60603
    Telephone:  (312) 201-4000
    Facsimile:  (312) 863-7472
    Email:  david.morrison@goldbergkohn.com;
    kristen.jones@goldbergkohn.com

Attorneys for Defendants
Abbott Laboratories Inc., dba Abbott Sales Marketing & Distribution Co., and
Abbott Diabetes Care Inc.

*Notice of Removal of Action  - 5*

1

2

**CERTIFICATE OF SERVICE**

3

    I hereby certify that on the 22nd day of October, 2010, I electronically filed the

4

foregoing with the Clerk of the Court using the CM/ECF system which will send notification

5

of such filing to the following:

6

    Daniel C. Gallagher - dan@nwprolaw.com

7

    DATED this 22nd day of October, 2010 at Seattle, Washington.

8

                By    s/ Michael R. Scott          

9

                   Michael R. Scott, WSBA #12822

10

                   1221 Second Avenue, Suite 500
                   Seattle WA 98101-2925

11

                   Telephone:  (206) 623-1745
                   Facsimile:  (206) 623-7789

12

                   Email:  mrs@hcmp.com

13

ND:  20177.002  4828-6923-7767v1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Certificate of Service*

# EXHIBIT A





Courts Home | Search Case Records

Search | Site Map | ? eService Center

Home | Summary Data & Reports | Resources & Links | Get Help

## Superior Court Case List

**Directions:** Below are cases associated with your search criteria. If the case was filed in Superior or Appellate Court, there may be docket information available. Docket information is not available for Municipal & District Court Cases at this time.

To get directions or information about a Court in this list, view the **Washington Court Directory.**

There are 3 public non-sealed cases that match your search criteria.

| Case Number | Name | File Date | Participant | Cause | Status |
|---|---|---|---|---|---|
| 10-2-34027-1 | Abbott Diabetes Care Sales Corp | 09-27-10 | Defendant | Tort-Other | Docket Info Available |
| 10-2-34027-1 | Abbott Laboratory Inc | 09-27-10 | Defendant | Tort-Other | Docket Info Available |
| 10-2-34027-1 | Mcmillan, Mary K | 09-27-10 | Plaintiff | Tort-Other | Docket Info Available |

## About Lists of Cases

You are viewing a list of cases. Each court level has a different case numbering system. Docket case information is available when the Case Status is open.

If the Case Status field indicates that the case has been archived, docket case information is not available.

To view the case details for an archived or closed, **contact the court or record** directly. The court will attempt to obtain information for you.

### Contact Information

King Co Superior Ct
516 3rd Ave, Rm C-203
Seattle, WA 98104-2361
**Map & Directions**
206-296-9100[Phone]
206-296-0986[Fax]
**Visit Website**
206-205-5048[TDD]

### Disclaimer

This information is provided for use as reference material and is not the official court record. The official court record is maintained by the **court of record.** Copies of case file documents are not available at this website and will need to be ordered from the **court of record.**

The Administrative Office of the Courts, the Washington State Courts, and the Washington State County Clerks :

1) Do not warrant that the information is accurate or complete;

2) Do not guarantee that information is in its most current form;

3) Make no representations regarding the identity of any person whose name appears on these pages; and

4) Do not assume any liability resulting from the release or use of the information.

Please consult official case records from the **court of record** to verify all provided information.

Courts | Organizations | News | Opinions | Rules | Forms | Directory | Library
Back to Top | Privacy and Disclaimer Notices



**WASHINGTON COURTS**

Courts Home | Search Case Records



Search | Site Map | eService Center

Home | Summary Data & Reports | Resources & Links | Get Help

## Superior Court Case Summary

**Court:** King Co Superior Ct
**Case Number:** 10-2-34027-1

| Sub | Docket Date | Docket Code | Docket Description | Misc Info |
|-----|-------------|-------------|-------------------|-----------|
| 1 | 09-27-2010 | COMPLAINT | Complaint | |
| 2 | 09-27-2010 | SET CASE SCHEDULE JDG0038 | Set Case Schedule Judge Richard Mcdermott, Dept 38 | 03-19-2012ST |
| 3 | 09-27-2010 | CASE INFORMATION COVER SHEET LOCS | Case Information Cover Sheet Original Location - Seattle | |
| 4 | 09-28-2010 | AMENDED COMPLAINT | Amended Complaint | |
| 5 | 10-05-2010 | AFFIDAVIT/DCLR/CERT OF SERVICE | Affidavit/dclr/cert Of Service | |
| 6 | 10-05-2010 | AFFIDAVIT/DCLR/CERT OF SERVICE | Affidavit/dclr/cert Of Service | |
| 7 | 10-19-2010 | NOTICE OF APPEARANCE | Notice Of Appearance /abbott | |

### About Dockets

You are viewing the case docket or case summary. Each Court level uses different terminology for this information, but for all court levels, it is a list of activities or documents related to the case. District and municipal court dockets tend to include many case details, while superior court dockets limit themselves to official documents and orders related to the case.

If you are viewing a district municipal, or appellate court docket, you may be able to see future court appearances or calendar dates if there are any. Since superior courts generally calender their caseloads on local systems, this search tool cannot diplay superior court calendering information.

### Contact Information

King Co Superior Ct
516 3rd Ave, Rm C-203
Seattle, WA 98104-2361
Map & Directions
206-296-9100[Phone]
206-296-0986[Fax]
Visit Website
206-205-5048[TDD]

### Disclaimer

This information is provided for use as reference material and is not the official court record. The official court record is maintained by the court of record. Copies of case file documents are not available at this website and will need to be ordered from the court of record.

The Administrative Office of the Courts, the Washington State Courts, and the Washington State County Clerks :

1) Do not warrant that the information is accurate or complete:

2) Do not guarantee that information is in its most current form:

3) Make no representations regarding the identity of any person whose name appears on these pages: and

4) Do not assume any liability resulting from the release or use of the information.

Please consult official case records from the court of record to verify all provided information.

Courts | Organizations | News | Opinions | Rules | Forms | Directory | Library
Back to Top | Privacy and Disclaimer Notices

8

FILED

10 SEP 27 PM 12:27

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 10-2-34027-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

MARY K. McMILLAN,

                                Plaintiff,          NO.

        v.

                                                    **COMPLAINT**

ABBOTT LABORATORY INC., DBA
ABBOT SALES MARKETING &
DISTRIBUTION CO., and ABBOTT
DIABETES CARE SALES
CORPORATION,

                                Defendants.

COMES NOW the Plaintiff, Mary K. McMillan, by and through her attorney, Daniel C.

Gallagher, Attorney at Law, P.S., and alleges as follows:

## I.    PARTIES

1.1    Plaintiff, Mary K. McMillan, was employed by Defendant Abbott Diabetes

Laboratories.  During her employment with Defendant, Plaintiff was a resident of Seattle, King

County, Washington.

1.2    Defendant, Abbott Laboratories, Inc., and its subsidiaries, agents, and authorized

representatives including but not limited to Abbott Sales Marketing & Distribution Co., and

Abbott Diabetes Care Sales Corporation, is a Delaware corporation doing business in Seattle.

## II.    STATEMENT OF FACTS

2.1    Plaintiff, age 62, began working as a medical sales representative in diabetes care beginning in 1993 with Medisense.  During that employment, Plaintiff was offered and accepted a promotion as sales representative covering Western Washington.  She accepted the promotion and called on physicians, certified diabetes educators, and pharmacies throughout the region.  In 1995 Defendant Abbot Laboratories, Inc., (Abbott) purchased Medisense and Plaintiff became an Abbott employee working out of Abbott's subsidiary, Abbott Diabetes Care Sales Corporation.

2.2    In 2001 Plaintiff amicably departed Abbott to accept a position as a sales representative with Therasense, a new start-up, where Plaintiff was also very successful in the sale of diabetes care products.   In 2004 Therasense was also purchased by Abbott and Plaintiff became an Abbott employee for the second time during which Plaintiff worked as a sales representative in diabetes care with Abbott continuously until July, 2009.

2.3    Shortly after Abbott purchased Therasense, Plaintiff's territory was expanded to include Alaska.   From the 2004 acquisition of Therasense until 2007, Plaintiff received employment reviews which rated her as achieving or exceeding expectations.  In 2007 Plaintiff's manager Ray Palandri retired.  Palandri's replacement was Don Benedict.

2.4    During a lunch meeting with Benedict in March 2008, Benedict told Plaintiff that Benedict's supervisor had expressed doubts about Plaintiff's ability to sell after spending a few hours will Plaintiff in January 2008.  In April 2008, Benedict told Plaintiff that he didn't know how much longer he could "protect her".  Benedict repeated this comment each time he saw Plaintiff from that day forward.  In September 2008, Benedict criticized the way sample and sales literature was arranged in Plaintiff's car and also criticized that Plaintiff took her daily planner with her into sales calls.  Benedict repeatedly targeted Plaintiff with absurd criticisms.

COMPLAINT - 2 -

Gallagher Law Office, P.S.
10611 Battle Point Drive
Bainbridge Island, WA 98110
206.855.9310

Additionally, Benedict was routinely demeaning and disrespectful towards Plaintiff all of which caused her emotional distress.

2.5    During a November 5, 2008 meeting Benedict told Plaintiff that he had never seen an employee in what he characterized as an "entry level position" earning such a high salary. Benedict's inference caused Plaintiff to believe that Benedict was targeting older employees because they typically had higher salaries which caused Plaintiff additional emotional distress

2.6    During a February 23, 2009 lunch meeting, Benedict placed Plaintiff on a 90 day work improvement plan even though her sales numbers were up.  Plaintiff disagreed with several of Benedict's allegations but Benedict told her if she refused to sign the plan as written it "wouldn't change a thing" and that there would be "serious consequences" if Plaintiff's efforts dropped off.  Benedict was extremely critical of Plaintiff's work during sales calls the rest of the day and was generally demeaning and threatening which caused additional emotional distress.

2.7    On March 17, 2009, Benedict again told Plaintiff that he would not be able to protect her much longer from what he now referred to as the "inevitable".  Plaintiff responded that her sales numbers were up.  Benedict responded by recommending Plaintiff not be too confident.    Benedict's warning and harsh treatment alarmed Plaintiff causing additional emotional distress.

2.8    On March 31, 2009, Plaintiff had a sales meeting with Irl Hirsch, M.D.  Dr. Hirsch is an internationally recognized expert in diabetes and had been working closely with Premera Blue Cross.  Plaintiff had an excellent professional relationship with Dr. Hirsch at the time and she invited Abbott's new 'managed care' representative, Devin Dufenhorst, to the meeting as a courtesy to Dufenhorst.  Benedict also attended.  Dufenhorst had been charged by Abbott with the responsibility of obtaining formulary status for Abbott's new diabetes products

Gallagher Law Office, P.S.
10611 Battle Point Drive
Bainbridge Island, WA 98110
206.855.9310

COMPLAINT - 3 -

11

1   with Premera and this contact could be very helpful to Dufenhorts's goals, whose chance of

2   getting face time with Dr. Hirsch on a cold contact was dubious.  Unfortunately, Dufenhorst did

3   not make any attempts to engage Dr. Hirsch during the meeting.  As Dr. Hirsch left the room,

4   Benedict held up one hand and punched it with the other implying it was Dr. Hirsch he was

5   punching.  Alarmed, Plaintiff jumped up to follow Dr. Hirsch to ensure he had not seen this

6   unprofessional and offensive display by Benedict.

7

8       2.9     Immediately following the March 31 meeting with Dr. Hirsch, Benedict informed

9   Plaintiff that neither he nor Dufenhorst were very impressed with Plaintiff's interaction with Dr.

10  Hirsch.  Benedict then announced that he was leaving and informed Plaintiff that he was

11  assigning Dufenhorst as Plaintiff's "manager for the day".  Benedict then instructed Dufenhorst

12  to "be tough" on Plaintiff.  Plaintiff told Benedict that it was humiliating to have a new colleague

13  several years her junior appointed as her "manager for the day".  Dufenhorst is estimated to be in

14  his 30's.  Benedict responded that he could appoint anyone he wanted to be her "manager for the

15  day".  Benedict's childish, unprofessional behavior was alarming and demeaning to Plaintiff and

16  caused additional emotional distress.  By appointing a much younger and less experienced male

17  as her "manager for the day" Benedict made clear that youth was preferred over experience.

18

19      2.10    On April 15, 2009, Plaintiff had a phone conversation with fellow Abbott sales

20  representative Chris Ward.  Plaintiff knew that Ward's sales had been lower than hers and, in

21  fact, were the lowest in the district for the past year.  Plaintiff asked Ward whether Benedict had

22  placed him on an improvement plan.  Ward confirmed that he had.  Plaintiff also asked Ward

23  whether he felt threatened by Benedict.  Ward replied that Benedict had been very nice and

24  encouraging to him and that Benedict indicated that he was pleased with his progress.  Ward is in

25  his 30's.  Plaintiff was then 61.

26

**12**

COMPLAINT - 4 -

Gallagher Law Office, P.S.
10611 Battle Point Drive
Bainbridge Island, WA 98110
206.855.9310

2.11    On April 28 and 29, 2009, Benedict accompanied Plaintiff in the field during visits to Plaintiff's established customers.  During this two day period Benedict's verbal abuse and threats escalated and were continual.  Plaintiff could do nothing right for Benedict.  Plaintiff was criticized for how she physically held sales literature during presentations and for how she used or failed to use company props.  Whatever Plaintiff did to try to comply with Benedict's irrational demands was met with additional complaints.  When Plaintiff focused more on the props to assuage Benedict he immediately criticized her for not efficiently establishing dialogue with customers.  Benedict routinely treated Plaintiff as a novice sales person whose ineptitude was incurable.  When Plaintiff responded to Benedict's spurious assertions and threats with the fact that her sales numbers were better than several other Abbott employees he supervised, and that those employees were not being harassed or threatened, Benedict responded that he could "find a reason to fire her that would stick" and that he was giving her a "heads up warning" so she could "take early retirement rather than be fired".  Benedict's abusive behavior was intended to force Plaintiff out due to her age.  Benedict's repeated personal attacks and threats caused severe emotional distress to Plaintiff.

2.12    On April 30, 2009, Plaintiff was so distraught emotionally due to the harassment and threats from Benedict that she found she was unable to work and ultimately was terminated while on a disability leave made necessary by Benedict's ongoing harassment and overt age discrimination.  Upon information and belief, Benedict replaced Plaintiff with a woman in her late 30's.

2.13    Plaintiff has been injured and suffered damages as a result of Defendant's acts.

////

////

Gallagher Law Office, P.S.
10611 Battle Point Drive
Bainbridge Island, WA 98110
206.855.9310

COMPLAINT - 5 -

13

### III.    <u>STATEMENT OF CLAIMS</u>

#### Age Discrimination – RCW 49.60

3.1    Defendant's acts as described above constitute age discrimination under the Washington Law Against Discrimination, RCW 49.60.

### IV.    <u>WAIVER OF PHYSICIAN/PATIENT PRIVILEGE</u>

4.1    To the extent required by law, Plaintiff waives the physician/ patient privilege.

### V.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that the Court enter a judgment:

1.    Awarding plaintiff actual, compensatory and liquidated damages;

2.    Declaring that Defendant's actions constitute a violation of RCW 49.60;

3.    Awarding plaintiff her attorney's fees and costs;

4.    For such other and further relief as the court deems just and equitable.

DATED this 27th day of September, 2010.

GALLAGHER LAW OFFICE, P.S.

Daniel C. Gallagher, WSBA # 21940
Attorney for Plaintiff

Gallagher Law Office, P.S.
10611 Battle Point Drive
Bainbridge Island, WA 98110
206.855.9310

FILED

10 SEP 27 PM 12:27

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 10-2-34027-1 SEA

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

MARY K. McMILLAN

                                         Plaintiff(s)

vs

ABBOTT LABORATORY INC.

                                         Defendant(s)

NO.  10-2-34027-1    SEA

Order Setting Civil Case Schedule (*ORSCS)

ASSIGNED JUDGE  McDermott          38

FILE DATE:                    09/27/2010

**TRIAL DATE:                    03/19/2012**

## EARLY MEDIATION PILOT

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (**Schedule**) on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the **Schedule** on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

               Print Name                                       Sign Name

### I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] --
especially those referred to in this **Schedule**. In order to comply with the **Schedule**, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery
cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$200** must be paid when any answer that includes additional claims is filed in an existing
case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule. The court will review the confirmation of joinder document to determine if a
hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before
their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a
final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice
of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Mon 09/27/2010 | * |
| **DEADLINE to file Early Mediation Plan [See Pilot Procedures attached]** | Tue 01/25/2011 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | Mon 03/07/2011 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [*See KCLCR 4.2(a) and Notices on Page 2*]. | Mon 03/07/2011 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [*See KCLCR 82(e)*] | Mon 03/21/2011 | |
| **DEADLINE for Completing Early Mediation [See Pilot Procedures attached]** | Mon 10/03/2011 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | Mon 10/17/2011 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | Mon 11/28/2011 | |
| **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | Mon 12/12/2011 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [*See KCLCR 40(d)(2)*]. | Mon 12/12/2011 | * |
| **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | Mon 01/30/2012 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | Mon 02/27/2012 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16*] | Mon 02/27/2012 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | Mon 03/05/2012 | |
| Joint Statement of Evidence [*See KCLCR (4)(k)*]. | Mon 03/12/2012 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon 03/12/2012 | * |
| Trial Date [*See KCLCR 40*]. | Mon 03/19/2012 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

**This case schedule is issued pursuant to General Administrative Order of the court, case # 10-2-12050-0 SEA signed on August 13, 2010,** which establishes and regulates the Early Mediation Pilot Project, which impacts cases filed September 2010 through November 2010. Pursuant to the procedures adopted for the Pilot Project, the civil case schedule is modified to add a mediation plan due date and a completion date for mediation, as well as to delete the normal deadline for engaging in Alternative Dispute Resolution.

**DATED:**   09/27/2010

**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)

REV. 8/10    3

**IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE**

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx .  If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:**  Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx  to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.  Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule 7 governs these motions, which include discovery motions.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time.  However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

B. **Original Documents/Working Copies/ Filing of Documents**

**All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application.  The filer must still serve any others who are entitled to service but who have not opted in.  E-Service generates a record of service document that can be e-filed.  Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  Do not file the original of the proposed order with the Clerk of the Court.   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge.  If that judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.**  Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

*C.    Form*

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing.  Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

_____

**PRESIDING JUDGE**

20

## PROCEDURES FOR THE EARLY MEDIATION PILOT PROJECT

**(a) Early Mediation.**  All civil cases, except those identified below, are required to submit to Early Mediation.

1)  Family Law;

2)  Guardianship and Probate, including matters governed by the Trusts and Estate Dispute Resolution Act ("TEDRA");

3)  Cases submitted to Mandatory Arbitration under the Local Rules for Mandatory Arbitration;

4)  Trials de novo pursuant to MAR 7.1;

5)  Adoption;

6)  Receivership;

7)  Juvenile Dependency;

8)  Condemnation;

9)  Administrative Law Review;

10)  Land Use Appeal;

11)  Appeals from Courts of Limited jurisdiction; and

12)  Any case not governed by the Civil Case Schedule as provided in LCR 4(b).

Any party may seek to be exempted from mandatory early mediation by motion, upon establishing extraordinary circumstances and no alternative means of preventing a substantial injustice.  If the request for exemption is denied, the parties shall file their Mediation Plan within 30 days from the date of such denial.

**(b) Early Mediation Plan.**  Within 120 days from the filing of the Complaint, the parties shall jointly file a Mediation Plan.  The Mediation Plan shall contain the following information:  (1) an affirmation that the parties have met and conferred regarding mediation; (2) the date upon which the meet and confer occurred; (3) the mediator agreed upon and selected by the parties; (4) the date(s) upon which the mediation shall take place; (5) the identification of any limited discovery that shall take place prior to the mediation; (6) the identification of issues to be addressed at the mediation, including possible procedures to narrow the claims at issue and discovery in the lawsuit; and (7) a description of written submissions, if any, to be made by the parties to the mediator and the date upon which such submissions shall be made.

**(c) Date of Mediation.**  The mediation must be conducted no later than 120 days before the discovery cutoff date specified in the Order setting the case schedule.

**(d) Mediation Attendees.**  The parties shall personally attend the mediation, unless excused in advance by the mediator.  Each party may also have present any other persons whom they believe will be helpful to achieve settlement.  Parties whose defense is provided by a liability insurance company need not personally attend the mediation, but a representative of the insurer shall attend in person with sufficient authority to bind the insurer to a settlement.

21

**(e) Mediation Reports.**

*(1) Notice of Settlement.*  If a settlement is reached at mediation, the parties shall file a Notice of Settlement in accordance with LCR 41(e).

*(2) Mediation Confirmation Report.*  If a complete settlement is not reached, upon completion of the mediation, but no later than ten (10) days after the mediation, the parties shall submit a Mediation Confirmation Report to the court indicating: (A) the date of the mediation; (B) the name of the mediator; (C) the names and titles of all persons present; (D) a statement that the mediation did not result in a complete settlement; and (E) the identification of the settlement of any individual claims or issues.  If the parties have determined that further mediation is warranted, the parties shall inform the court of the date and time for the next scheduled mediation and shall identify what, if any, limited discovery shall take place prior to the mediation.  Unless stipulated by the parties or ordered by the court, the mediation process shall not suspend discovery.

**(f) Sanctions for Failure to File Plan.**  If a party willfully fails to file an Early Mediation Plan or willfully fails to participate in the mediation, sanctions may be imposed by the court, including dismissal of claims asserted by the party, default judgment, and/or attorney's fees and costs.

22

# Clerk's Office
# ALERT

## Announcing the Early Mediation Pilot Project

Recognizing the benefits of early settlement, the trustees of the King County Bar Association, based on work of the KCBA's Judiciary and Courts Committee, recommended that King County Superior Court adopt an early mediation requirement for most civil cases. The King County Superior Court has agreed to a pilot project to evaluate the benefits of early mediation.

The pilot project will begin September 2010.  Randomly selected civil cases that would generally receive an 18-month civil case schedule will instead receive a modified case schedule.  The pilot project random selection process will continue approximately 2 months in order to capture 1,800 cases.   This represents 10% of the cases that normally receive the 18 month civil case schedule on an annual basis, which is a statistically significant sample.

The pilot project case schedule is set forth below.  In essence, the pilot project case schedule will add two deadlines:  1) filing a mediation plan 17 weeks after filing; and, 2) completing mediation 21 weeks before trial.  These new deadlines occur before the discovery cut-off deadline.

The KCBA and the Court are hopeful that the proposed early mediation rule will encourage early settlement and reduce the number of cases that settle close to the date of trial, thus providing cost savings to the parties and allowing the Court to focus its resources on the cases that will actually be tried.

See the Pilot Project Procedures, the administrative general order and the model case schedule on the Clerk's Website at http://www.kingcounty.gov/courts/Clerk.aspx

**Sign up to receive Clerk's Office Alerts automatically by e-mail.**  To receive future alerts automatically compose an e-mail message and send e-mail as follows:
> To subscribe, click on the link below and send the email.

To: listserv@lists.kingcounty.gov
Type in the body of the email.  Subscribe clerks-alert-mailing-list
If added to the mailing list successfully you will receive a confirmation notice.

## FOR MORE INFORMATION ON THIS TOPIC CONTACT:
## Barb Miner 296-2910

**ISSUED BY:**  Barbara Miner, Director and Superior Court Clerk
**ISSUE DATE:  August 24, 2010**
**ISSUE NO:** 10-006

23

FILED

10 SEP 27 PM 12:27

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 10-2-34027-1 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

MARY K. McMILLAN

VS

ABBOTT LABORATORY INC.

NO.  10-2-34027-1 SEA

CASE INFORMATION COVER SHEET
AND AREA DESIGNATION

<u>CAUSE OF ACTION</u>

**(TTO) -**     TORT, NON-MOTOR VEHICLE

<u>AREA DESIGNATION</u>

**SEATTLE -**    Defined as all King County north of Interstate 90 and including all
of Interstate 90 right of way, all of the cities of Seattle, Mercer
Island, Issaquah, and North Bend, and all of Vashon and Maury
Islands.

24

FILED

10 SEP 28 AM 11:09

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 10-2-34027-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

|  |  |
|---|---|
| MARY K. McMILLAN,<br><br>      Plaintiff,<br><br>  v.<br><br>ABBOTT LABORATORIES INC., DBA<br>ABBOT SALES MARKETING &<br>DISTRIBUTION CO., and ABBOTT<br>DIABETES CARE SALES<br>CORPORATION,<br><br>      Defendants. | NO.   10-2-34027-1 SEA<br><br>AMENDED COMPLAINT |

COMES NOW the Plaintiff, Mary K. McMillan, by and through her attorney, Daniel C. Gallagher, Attorney at Law, P.S., and alleges as follows:

## I.  **PARTIES**

1.1  Plaintiff, Mary K. McMillan, was employed by Defendant Abbott Diabetes Laboratories. During her employment with Defendant, Plaintiff was a resident of Seattle, King County, Washington.

1.2  Defendant, Abbott Laboratories, Inc., and its subsidiaries, agents, and authorized representatives including but not limited to Abbott Sales Marketing & Distribution Co., and Abbott Diabetes Care Sales Corporation, is a Delaware corporation doing business in Seattle.

Gallagher Law Office, P.S.
10611 Battle Point Drive
Bainbridge Island, WA 98110
206.855.9310

## II.   STATEMENT OF FACTS

2.1     Plaintiff, age 62, began working as a medical sales representative in diabetes care beginning in 1993 with Medisense. During that employment, Plaintiff was offered and accepted a promotion as sales representative covering Western Washington. She accepted the promotion and called on physicians, certified diabetes educators, and pharmacies throughout the region. In 1995 Defendant Abbot Laboratories, Inc., (Abbott) purchased Medisense and Plaintiff became an Abbott employee working out of Abbott's subsidiary, Abbott Diabetes Care Sales Corporation.

2.2     In 2001 Plaintiff amicably departed Abbott to accept a position as a sales representative with Therasense, a new start-up, where Plaintiff was also very successful in the sale of diabetes care products. In 2004 Therasense was also purchased by Abbott and Plaintiff became an Abbott employee for the second time during which Plaintiff worked as a sales representative in diabetes care with Abbott continuously until July, 2009.

2.3     Shortly after Abbott purchased Therasense, Plaintiff's territory was expanded to include Alaska. From the 2004 acquisition of Therasense until 2007, Plaintiff received employment reviews which rated her as achieving or exceeding expectations. In 2007 Plaintiff's manager Ray Palandri retired. Palandri's replacement was Don Benedict.

2.4     During a lunch meeting with Benedict in March 2008, Benedict told Plaintiff that Benedict's supervisor had expressed doubts about Plaintiff's ability to sell after spending a few hours will Plaintiff in January 2008. In April 2008, Benedict told Plaintiff that he didn't know how much longer he could "protect her". Benedict repeated this comment each time he saw Plaintiff from that day forward. In September 2008, Benedict criticized the way sample and sales literature was arranged in Plaintiff's car and also criticized that Plaintiff took her daily planner with her into sales calls. Benedict repeatedly targeted Plaintiff with absurd criticisms.

**26**

Additionally, Benedict was routinely demeaning and disrespectful towards Plaintiff all of which caused her emotional distress.

2.5    During a November 5, 2008 meeting Benedict told Plaintiff that he had never seen an employee in what he characterized as an "entry level position" earning such a high salary. Benedict's inference caused Plaintiff to believe that Benedict was targeting older employees because they typically had higher salaries which caused Plaintiff additional emotional distress

2.6    During a February 23, 2009 lunch meeting, Benedict placed Plaintiff on a 90 day work improvement plan even though her sales numbers were up. Plaintiff disagreed with several of Benedict's allegations but Benedict told her if she refused to sign the plan as written it "wouldn't change a thing" and that there would be "serious consequences" if Plaintiff's efforts dropped off. Benedict was extremely critical of Plaintiff's work during sales calls the rest of the day and was generally demeaning and threatening which caused additional emotional distress.

2.7    On March 17, 2009, Benedict again told Plaintiff that he would not be able to protect her much longer from what he now referred to as the "inevitable". Plaintiff responded that her sales numbers were up. Benedict responded by recommending Plaintiff not be too confident. Benedict's warning and harsh treatment alarmed Plaintiff causing additional emotional distress.

2.8    On March 31, 2009, Plaintiff had a sales meeting with Irl Hirsch, M.D. Dr. Hirsch is an internationally recognized expert in diabetes and had been working closely with Premera Blue Cross. Plaintiff had an excellent professional relationship with Dr. Hirsch at the time and she invited Abbott's new 'managed care' representative, Devin Dufenhorst, to the meeting as a courtesy to Dufenhorst. Benedict also attended. Dufenhorst had been charged by Abbott with the responsibility of obtaining formulary status for Abbott's new diabetes products

Gallagher Law Office, P.S.
10611 Battle Point Drive
Bainbridge Island, WA 98110
206.855.9310

with Premera and this contact could be very helpful to Dufenhorts's goals, whose chance of getting face time with Dr. Hirsch on a cold contact was dubious. Unfortunately, Dufenhorst did not make any attempts to engage Dr. Hirsch during the meeting. As Dr. Hirsch left the room, Benedict held up one hand and punched it with the other implying it was Dr. Hirsch he was punching. Alarmed, Plaintiff jumped up to follow Dr. Hirsch to ensure he had not seen this unprofessional and offensive display by Benedict.

2.9    Immediately following the March 31 meeting with Dr. Hirsch, Benedict informed Plaintiff that neither he nor Dufenhorst were very impressed with Plaintiff's interaction with Dr. Hirsch. Benedict then announced that he was leaving and informed Plaintiff that he was assigning Dufenhorst as Plaintiff's "manager for the day". Benedict then instructed Dufenhorst to "be tough" on Plaintiff. Plaintiff told Benedict that it was humiliating to have a new colleague several years her junior appointed as her "manager for the day". Dufenhorst is estimated to be in his 30's. Benedict responded that he could appoint anyone he wanted to be her "manager for the day". Benedict's childish, unprofessional behavior was alarming and demeaning to Plaintiff and caused additional emotional distress. By appointing a much younger and less experienced male as her "manager for the day" Benedict made clear that youth was preferred over experience.

2.10    On April 15, 2009, Plaintiff had a phone conversation with fellow Abbott sales representative Chris Ward. Plaintiff knew that Ward's sales had been lower than hers and, in fact, were the lowest in the district for the past year. Plaintiff asked Ward whether Benedict had placed him on an improvement plan. Ward confirmed that he had. Plaintiff also asked Ward whether he felt threatened by Benedict. Ward replied that Benedict had been very nice and encouraging to him and that Benedict indicated that he was pleased with his progress. Ward is in his 30's. Plaintiff was then 61.

28

2.11    On April 28 and 29, 2009, Benedict accompanied Plaintiff in the field during visits to Plaintiff's established customers.  During this two day period Benedict's verbal abuse and threats escalated and were continual.  Plaintiff could do nothing right for Benedict.  Plaintiff was criticized for how she physically held sales literature during presentations and for how she used or failed to use company props.  Whatever Plaintiff did to try to comply with Benedict's irrational demands was met with additional complaints.  When Plaintiff focused more on the props to assuage Benedict he immediately criticized her for not efficiently establishing dialogue with customers.  Benedict routinely treated Plaintiff as a novice sales person whose ineptitude was incurable.  When Plaintiff responded to Benedict's spurious assertions and threats with the fact that her sales numbers were better than several other Abbott employees he supervised, and that those employees were not being harassed or threatened, Benedict responded that he could "find a reason to fire her that would stick" and that he was giving her a "heads up warning" so she could "take early retirement rather than be fired".  Benedict's abusive behavior was intended to force Plaintiff out due to her age.  Benedict's repeated personal attacks and threats caused severe emotional distress to Plaintiff.

2.12    On April 30, 2009, Plaintiff was so distraught emotionally due to the harassment and threats from Benedict that she found she was unable to work and ultimately was terminated while on a disability leave made necessary by Benedict's ongoing harassment and overt age discrimination.  Upon information and belief, Abbott replaced Plaintiff with a woman in her 30's.

2.13    Plaintiff has been injured and suffered damages as a result of Defendant's acts.

////

////

COMPLAINT - 5 -

Gallagher Law Office, P.S.
10611 Battle Point Drive
Bainbridge Island, WA 98110
206.855.9310

### III.    STATEMENT OF CLAIMS

#### Age Discrimination – RCW 49.60

3.1    Defendant's acts as described above constitute age discrimination under the Washington Law Against Discrimination, RCW 49.60.

### IV.    WAIVER OF PHYSICIAN/PATIENT PRIVILEGE

4.1    To the extent required by law, Plaintiff waives the physician/ patient privilege.

### V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment:

1.    Awarding plaintiff actual, compensatory and liquidated damages;

2.    Declaring that Defendant's actions constitute a violation of RCW 49.60;

3.    Awarding plaintiff her attorney's fees and costs;

4.    For such other and further relief as the court deems just and equitable.

DATED this 28th day of September, 2010.

GALLAGHER LAW OFFICE, P.S.

Daniel C. Gallagher, WSBA # 21940
Attorney for Plaintiff

Gallagher Law Office, P.S.
10611 Battle Point Drive
Bainbridge Island, WA 98110
206 855 9310

FILED

2010 OCT -5  PM 3: 46

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

## SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

| | |
|---|---|
| MARY K. McMILLAN | Cause #:  10-2-34027-1 SEA |
| Plaintiff/Petitioner | |
| VS. | Declaration of Service of: |
| ABBOTT LABORATORIES | Summons, Amended Complaint, Order Setting Civil Case Schedule, Clerk's Office Alert |
| Defendant/Respondent | |
| | Hearing Date: |

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of Sep 30 2010  8:50AM at the address of 1801 W BAY DR NW SUITE 206 OLYMPIA, within the County of THURSTON, State of WASHINGTON, the declarant duly served the above described documents upon ABBOTT DIABETES CARE SALES CORPORATION  by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with JEFF MINER, AGENT FOR CT CORPORATION SYSTEM REGISTERED AGENT.

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: October 1, 2010 at Olympia, WA

by _____
     S. Treiber      PSR2009-0311-06

Service Fee Total: $ 35.50

ABC Legal Services, Inc.
206 521-9000
Tracking #: 6338587

**ORIGINAL
PROOF OF SERVICE**

Page 1 of 1

10-44267
Gallagher, Daniel C.
10611 Battle Point Dr NE
Bainbridge Island, WA   98110-5495
206 855-9310

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

8
IN AND FOR THE COUNTY OF KING

9
MARY K. McMILLAN,

10
                              Plaintiff,          NO.  10-2-34027-1 SEA

11
        v.

12
                                                  SUMMONS [20 days]
ABBOTT LABORATORY INC., DBA

13
ABBOT SALES MARKETING &
DISTRIBUTION CO., and ABBOTT

14
DIABETES CARE SALES
CORPORATION,

15

16
                              Defendants.

17

18
TO DEFENDANTS:  ABBOTT LABORATORY INC., DBA ABBOT SALES MARKETING
& DISTRIBUTION CO., and ABBOTT DIABETES CARE SALES CORPORATION;

19

20
        A  lawsuit  has  been  started  against  you  in  the  above-entitled  court  by  MARY  K.

21
McMILLAN, Plaintiff.  Plaintiff's claim is stated in the written complaint, a copy of which is served

22
upon you with this summons.

23
        In order to defend against this lawsuit, you must respond to the complaint by stating your

24
defense in writing, and by serving a copy upon the person signing this summons within twenty (20)

25
days after the service of this summons, excluding the day of service, or a default judgment may be

26
entered against you without notice.  A default judgment is one where Plaintiff is entitled to what

ORIGINAL

SUMMONS  - 1 -

32

Gallagher Law Office, P.S.
10611 Battle Point Drive
Bainbridge Island, WA 98110
206.855.9310

he/she asks for because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court.  If you do so, the demand must be in writing and must be served upon the person signing this summons.  Within fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of any attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 28 day of September, 2010.

GALLAGHER LAW OFFICE, P.S.

Daniel C. Gallagher, WSBA #21940
Attorney for Plaintiff

Gallagher Law Office, P.S.
10611 Battle Point Drive

FILED

2010 OCT -5. PM 3:46

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

## SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

| | | |
|---|---|---|
| MARY K. McMILLAN | | Cause #:   10-2-34027-1 SEA   . |
| | Plaintiff/Petitioner | |
| | | Declaration of Service of: |
| vs. | | Summons, Amended Complaint, Order Setting Civil Case Schedule, Clerk's Office Alert |
| ABBOTT LABORATORIES | | |
| | Defendant/Respondent | |
| | | Hearing Date: |

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of Sep 30 2010  8:50AM at the address of 1801 W BAY DR NW SUITE 206 OLYMPIA, within the County of THURSTON, State of WASHINGTON, the declarant duly served the above described documents upon ABBOTT LABORATORY INC dba ABBOT SALES MARKETING & DISTRIBUTION CO.   by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with JEFF MINER, AGENT FOR CT CORPORATION SYSTEM REGISTERED AGENT.

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: October 1, 2010 at Olympia, WA

by _____                    Service Fee Total: $ 66.14
       S. Treiber    PSR2009-0311-06

ABC Legal Services, Inc.
206 521-9000
Tracking #: 8255811

**ORIGINAL**
**PROOF OF SERVICE**
Page 1 of 1

10-44267
Gallagher, Daniel C.
10611 Battle Point Dr NE
Bainbridge Island, WA   98110-5495
206 855-9310

1
2
3
4
5
6
7
8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

9

MARY K. McMILLAN,

                       Plaintiff,

    v.

ABBOTT LABORATORY INC., DBA
ABBOT SALES MARKETING &
DISTRIBUTION CO., and ABBOTT
DIABETES CARE SALES
CORPORATION,

                   Defendants.

NO.   10-2-34027-1 SEA

SUMMONS [20 days]

10
11
12
13
14
15
16
17
18

TO DEFENDANTS:  ABBOTT LABORATORY INC., DBA ABBOT SALES MARKETING
& DISTRIBUTION CO., and ABBOTT DIABETES CARE SALES CORPORATION;

19
20

     A lawsuit has been started against you in the above-entitled court by MARY K.
McMILLAN, Plaintiff.  Plaintiff's claim is stated in the written complaint, a copy of which is served

21
22

upon you with this summons.

23

     In order to defend against this lawsuit, you must respond to the complaint by stating your

24
25
26

defense in writing, and by serving a copy upon the person signing this summons within twenty (20)
days after the service of this summons, excluding the day of service, or a default judgment may be
entered against you without notice.  A default judgment is one where Plaintiff is entitled to what

**ORIGINAL**

SUMMONS  - 1 -
35

Gallagher Law Office, P.S.
10611 Battle Point Drive
Bainbridge Island, WA 98110
206.855.9310

BEST AVAILABLE IMAGE POSSIBLE

1    he/she asks for because you have not responded.  If you serve a notice of appearance on the

2    undersigned person, you are entitled to notice before a default judgment may be entered.

3        You may demand that the Plaintiff file this lawsuit with the court.  If you do so, the demand

4    must be in writing and must be served upon the person signing this summons.  Within fourteen (14)

5    days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on

6

7    you of this summons and complaint will be void.

8        If you wish to seek the advice of any attorney in this matter, you should do so promptly so

9    that your written response, if any, may be served on time.

10        This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of

11   Washington.

12        DATED this 28th day of September, 2010.

13

14                            GALLAGHER LAW OFFICE, P.S.

15

16

17                            Daniel C. Gallagher, WSBA #21940
                             Attorney for Plaintiff

18

19

20

21

22

23

24

25

26

36

FILED

10 OCT 19 PM 1:25

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 10-2-34027-1 SEA

THE HONORABLE RICHARD F. MCDERMOTT

IN THE SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

MARY K. McMILLAN,

               Plaintiff,

    v.

ABBOTT LABORATORIES INC., DBA
ABBOTT SALES MARKETING &
DISTRIBUTION CO., and ABBOTT
DIABETES CARE SALES CORPORATION,

              Defendants.

No. 10-2-34027-1 SEA

**NOTICE OF APPEARANCE**

TO:          PLAINTIFF

AND TO:     GALLAGHER LAW OFFICE, P.S. and Daniel C. Gallagher, Attorneys for
               Plaintiff

       Defendants Abbott Laboratories Inc., dba Abbott Sales Marketing & Distribution Co.,

and Abbott Diabetes Care Inc., hereby make appearance in the above-entitled action by and

through the undersigned attorneys, and hereby request that service of all further pleadings

//

//

//

//

//

*Notice of Appearance -Page  1*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

37

and papers in this cause, except original process, be made upon the undersigned attorneys at their address below stated.

DATED this 19th day of October, 2010.

HILLIS CLARK MARTIN & PETERSON P.S.

By   s/ Michael R. Scott
   Michael R. Scott, WSBA #12822
   Sarah E. Moum, WSBA #42086
   Hillis Clark Martin & Peterson P.S.
   1221 Second Avenue, Suite 500
   Seattle WA 98101-2925
   Telephone:  (206) 623-1745
   Facsimile:  (206) 623-7789
   Email:  mrs@hcmp.com; sem@hcmp.com

Attorneys for Defendants
Abbott Laboratories Inc., dba Abbott Sales Marketing & Distribution Co., and Abbott Diabetes Care Inc.

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this day she caused a copy of this document to be delivered via email and U.S. Mail to the last known address of all counsel of record.

I certify under penalty of perjury under the laws of the state of Washington and the United States that the foregoing is true and correct.

DATED this 19th day of October, 2010, at Seattle, Washington.

s/ Suzanne Powers
Suzanne Powers

---

ND:  4840-7169-1527v1

*Notice of Appearance -Page  2*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

38

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MARY K. McMILLAN,

        Plaintiff,

        v.

ABBOTT LABORATORIES INC., DBA
ABBOTT SALES MARKETING &
DISTRIBUTION CO., and ABBOTT
DIABETES CARE SALES CORPORATION,

        Defendant.

No. 

**AFFIDAVIT OF JADA MALONE**

Pursuant to 28 U.S.C. § 1746, the undersigned hereby declares that:

1.     I am over the age of eighteen (18), competent to testify, and have personal knowledge regarding the matters set forth herein.

2.     I am currently employed as the Director of Business Human Relations for Abbott Nutrition and have worked in this capacity since August 2009. Prior to that, I was employed as an Employee Relations Senior Manager by Abbott Laboratories Inc. for approximately four years.

*Affidavit of Jada Malone - 1*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

40

3.     Plaintiff Mary K. McMillan was employed by Abbott Diabetes Care Inc. ("Abbott") as a Sales Representative. Her last active date of employment was April 29, 2009. On April 30, 2009, Ms. McMillan began an unapproved leave of absence. Ms. McMillan never returned to work at Abbott. In or around July 2009, Abbott terminated Ms. McMillan's employment for abandonment of employment.

4.     Abbott is a Delaware corporation with its principal place of business in Alameda, California. Abbott Laboratories Inc., the other named defendant, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Abbott Park, Illinois.

5.     As a Sales Representative, Ms. McMillan was compensated by an annual salary of $85,907.07, plus bonuses. In 2008, her last full year of employment with Abbott, Ms. McMillan earned total compensation of $96,691.46. Ms. McMillan's benefits were suspended on April 30, 2009, and she has not been on Abbott's payroll since that time.

I hereby declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

DATED this 20th day of October, 2010 at Columbus, Ohio.

*Jada Malone*

JADA MALONE

*Affidavit of Jada Malone - 2*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789